**Harohaon SIHOTANG;**
**et al., Petitioners,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

Nos. 03–74049, A79–524–695, A79–524–696, A79–524–697, A79–524–698, A79–524–699.

United States Court of Appeals,
Ninth Circuit.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Jan. 10, 2005.*

Decided Jan. 18, 2005.

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioners.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Terri J. Scadron, Esq., Virginia Lum, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Harohaon Sihotang, his wife and three children, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of their application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We dismiss in part and deny in part.

Pursuant to 8 U.S.C. § 1158(a)(3), we dismiss Sihotang's asylum claim as unreviewable by this court because the IJ determined that the application was untimely. *See Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001).

We have jurisdiction under 8 U.S.C. § 1252 and review for substantial evidence Sihotang's eligibility for withholding of removal and CAT relief. *See id.* at 816. Substantial evidence supports the BIA's

denial of withholding of removal because Sihotang's experiences do not indicate that it is "more likely than not" that he will face persecution on account of an enumerated ground if returned to Indonesia. *See id.* at 816–17.

Substantial evidence also supports the denial of Sihotang's CAT claim because it is not "more likely than not" that Sihotang will be tortured upon returning to Indonesia. *See id.* at 817.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part and DENIED in part.